```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

QUANTISHA LUCAS, et al.,

                                 **Plaintiffs,**          12-CV-08571 (LAK)(SN)

            -against-                           **REPORT &**
                                                          **RECOMMENDATION**

THE CITY OF NEW YORK, et al.,

                                 **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LEWIS A. KAPLAN:**

       This is a civil rights case brought by four plaintiffs who allege that they were all falsely arrested and subjected to excessive force or other constitutional violations on the evening of June 29 and into the morning of June 30, 2010. The plaintiffs have sued two state officers and the State of New York (the "State Defendants"), and the City of New York, the New York Police Department ("NYPD"), and two John Doe police officers (the "City Defendants"). After limited discovery, the City Defendants have filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The plaintiffs have opposed the motion and the Court interprets such opposition to include a motion for leave to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

       For the following reasons, the City Defendants' motion for judgment on the pleadings as to the John Doe police officers and the NYPD should be GRANTED and leave to amend should be denied. The City Defendants' motion as to the claims against the City of New York should also be GRANTED but with leave to amend the complaint as to those claims alone.

## BACKGROUND

**I.     Factual Background**

The Court assumes, for the purposes of this motion, the facts contained in the complaint to be true.

The complaint contains very few specific facts regarding the events at issue in this case and alleges the same set of facts for each of the four plaintiffs. On or about June 29, 2010, at approximately 11:30 p.m., Sergeant Murray and Court Officer Joseph LaGrippo assaulted and falsely arrested Evans, Lucas, McLaughlin, and Diggins, who were lawfully standing on a public sidewalk on Walton Avenue, between 158th Street and 161st Street. The officers did so without a warrant and with excessive force. The officers "wrongfully touched, grabbed, handcuffed, and seized" Evans, Lucas, McGlaughlin, and Diggins without probable cause and despite the fact that no crime had been committed. (Compl. ¶¶ 13, 47, 79, 113.) Each plaintiff was taken into custody at the 44th Precinct in the Bronx. The officers' conduct caused each plaintiff to endure physical pain and mental suffering. Each of the plaintiffs sought medical treatment and suffered severe and permanent physical and psychological injuries.

The complaint asserts, upon information and belief, that Sergeant Murray is an employee of the City of New York, but he is, in fact, an employee of the State of New York. The complaint correctly alleges that Court Officer Joseph LaGrippo is an employee of the State of New York. Both officers are represented by an attorney for the State of New York.

**II.    Procedural Background**

The plaintiffs filed their action in the Bronx County Supreme Court on October 9, 2012, and the State Defendants removed the case to this Court on November 26, 2012.[1] (Before removal, the City Defendants filed an answer in state court.) On January 18, 2013, the case was designated to the Court's pilot Plan for Certain Section 1983 Cases against The City of New York. Such designation was revoked on June 7, 2013, because there were non-NYPD defendants in the action.

The Court held an initial pretrial conference on June 19, 2013, at which a pretrial schedule was issued contemplating the completion of discovery by October 19, 2013. On June 26, 2013, the City Defendants produced their Rule 26(a) initial disclosures, which identified all known New York City police officers involved in the plaintiffs' arrests.

On November 1, 2013, the Honorable Lewis A. Kaplan referred this matter to me for general pretrial supervision and to report and recommend on any dispositive motions. On the City Defendants' application, I set a briefing schedule for their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Although the letter application suggests that the State Defendants may also file a motion to dismiss the claims against the State of New York, no such motion was filed. The City Defendants filed their motion to dismiss on December 20, 2013. Plaintiffs' counsel filed their opposition—by attorney affirmation—on January 17, 2014, and the City Defendants filed their reply brief on January 31, 2014.

---

[1] This matter was first filed in state court as three separate cases. The State Defendants removed the cases to this Court, and the cases were assigned docket numbers 11 Civ. 8612, 11 Civ. 8613 and 11 Civ. 8615, and were presided over by the Honorable Denise Cote. By Order dated May 4, 2012, these three actions were dismissed without prejudice for failure to prosecute. The three matters were then re-filed in state court as one action (this action), which was subsequently removed by the State Defendants.

DISCUSSION

I.     Standard of Review

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). A court applies the standard applicable to a Rule 12(b)(6) motion to a motion for judgment on the pleadings. Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). While a Rule 12(b)(6) motion "is made prior to the filing of an answer to the claim for which dismissal is sought," a Rule 12(c) motion "is made after the relevant pleadings are closed." Fisher-Price, Inc. v. Kids II, Inc., 10 Civ. 0988 (RJA)(LGF), 2011 WL 6409665, at *6 (W.D.N.Y. Dec. 21, 2011). "The difference [between these two types of motions] is, however, merely academic . . . ." Id. (citing Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994)).

A Rule 12(c) motion should be granted if, "from the pleadings, the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1995). The corollary is that to survive a Rule 12(c) motion a "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" In re Thelen LLP, 726 F.3d 213, 219 (2d Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In considering a motion for judgment on the pleadings, the Court must take factual allegations in the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). The Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d

4

Cir. 2002); Hughes v. Lillian Goldman Family, LLC, 153 F. Supp. 2d 435, 439 (S.D.N.Y. 2001) (applying this standard in the context of a Rule 12(c) motion).

Plaintiffs argue that the City Defendants' motion is premature given the lack of opportunity for depositions and the fact that discovery has not been completed. Nothing in Rule 12(c) suggests that the motion is premature. To the contrary, Rule 12(c) specifically indicates that the motion should be made after the pleadings are closed but "early enough not to delay trial." Fed. R. Civ. P. 12(c). Furthermore, there is nothing improper about a motion for judgment on the pleadings being filed before the completion, or even the commencement, of discovery. See Hayden, 594 F.3d at 154 (affirming judgment on the pleadings granted before the commencement of discovery). Here, a complaint and answers have been filed. Thus, the pleadings are closed, and the timing of the City Defendants' motion for judgment on the pleadings is appropriate under Rule 12(c).

**II.     Statute of Limitations Defense**

As set forth above, the plaintiffs' claims arise out of arrests that occurred on June 29 and June 30, 2010. The action was commenced in state court on October 9, 2012, and thereafter removed to federal court on November 26, 2012. It is plain now, that the plaintiffs have not named any individual New York City police officers or any other New York City employees as defendants; all of the individually named defendants are State employees. In addition, the City has represented to the Court that on June 26, 2013, as part of its Rule 26(a) initial disclosures, it provided plaintiffs' counsel with the names of any City employees involved in the plaintiffs' arrests.

The plaintiffs bring their claims under 42 U.S.C. § 1983. Section 1983 does not provide a specific statute of limitations. Courts instead apply the statute of limitations for personal injury

actions under state law. See Owens v. Okure, 488 U.S. 235, 249-51 (1989). As such, claims brought under § 1983 in New York are governed by the three-year statute of limitations period set forth in New York Civil Practice Law and Rules ("N.Y. CPLR") § 214(5). Owens, 488 U.S. at 238, 251; Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). The naming of a John Doe in a complaint does not toll the three-year statute of limitations. Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993).

Plaintiffs assert claims for summary punishment, cruel and unusual punishment, use of excessive force, illegal search and seizure, and false arrest and imprisonment. An excessive force claim accrues at the time that the use of force occurs, Fairley v. Collins, 09 Civ. 6894 (PGG), 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011), and a claim for unlawful search and seizure accrues at the time of the search, D'Angelo v. Kirschner, 288 F. App'x 724, 726 (2d Cir. 2008). A claim for false arrest or false imprisonment accrues when the false imprisonment ends, i.e., when the plaintiff is released from confinement or arraigned. See Wallace v. Kato, 549 U.S. 384, 389 (2007).

Plaintiffs' arrests and any use of force occurred on June 29, 2010, or in the early morning hours of June 30, 2010. Therefore, the deadline for filing all of the claims, except the false arrest and false imprisonment claims, was June 30, 2013, at the latest. While the complaint does not identify a date of release or arraignment, it appears that each plaintiff was arraigned on July 1, 2010.[2] Accordingly, the false arrest and false imprisonment claims accrued from that date and, therefore, had to be filed by July 1, 2013.

---

[2] This date is ascertained from court documents attached to the Declaration of Anthony M. DiSenso in support of the City Defendants' motion. (DiSenso Decl. at Ex. I-N.) The Court may take judicial notice of these court filings. Bentley v. Dennison, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012) (reliance on court documents permitted on motion to dismiss because the facts noticed are not subject to reasonable dispute and are capable of being verified by reliable sources). Attached to the attorney affirmation filed by the plaintiffs, are the Notices of Claim, which variously describe the date of plaintiffs' releases between June

Plaintiffs allege each of these claims, generally, against John Doe NYPD officers. Despite having received from the Corporation Counsel the names of all City employees involved in plaintiffs' arrests, plaintiffs have yet to file an amended complaint naming the identified John Doe defendants. Plaintiffs cannot do so now as the statute of limitations has run on all of the plaintiffs' claims.

Plaintiffs argue, in opposition to the City Defendants' motion for judgment on the pleadings, that they should be permitted to amend the complaint now under the "relation back" doctrine. This doctrine allows an amended complaint to "relate back" to a previously filed complaint, thereby rendering the amendment timely even though it was filed outside of the statute of limitations. Fed. R. Civ. P. 15(c). The relation back doctrine looks to two bodies of law: federal and state.

**A. The Federal Relation Back Doctrine**

The federal relation back doctrine is found in Rule 15(c)(1)(C). That provision permits an amendment that adds a new party to relate back to the original complaint only if the following conditions are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity,* the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468-69 (2d Cir. 1995)) (emphasis in original).

---

30 and July 3, 2010. (Gjelaj Aff., Ex. 2.) Even if these dates were adopted, they would not save the timeliness of the John Doe claims.

Here, the plaintiffs' failure to amend the complaint within the three-year statute of limitations period cannot be characterized as a mistake of identity; in this circuit, "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" Id. at 518 (quoting Barrow, 66 F.3d at 470)). Thus, even if the plaintiffs did not know the names of the particular officers, this deficiency does not justify an amendment under Rule 15(c)(1)(C). See Barrow, 66 F.3d at 470 ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. . . . [T]he failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.")

Plaintiffs argue that the Supreme Court's decision in Krupski v. Costa Crociere S.p.A, 560 U.S. 538 (2010), has called into question the holding in Barrow on the relation back doctrine. This argument has not yet been considered by the Court of Appeals, but the majority of district courts that have addressed it have concluded that Barrow remains good law after Krupski. See, e.g., In re Vitamin C Antitrust Litig., 06 MD 1738 (BMC), 2014 WL 351896, at *4 (E.D.N.Y. Jan. 31, 2014); Martinez v. City of New York, 12 Civ. 3806 (BMC), 2012 WL 4447589, at *2 n.3 (E.D.N.Y. Sept. 25, 2012); Rodriguez v. City of New York, 10 Civ. 1849 (PKC), 2011 WL 4344057, at *8-9 (S.D.N.Y. Sept. 7, 2011).[3] But see Smith v. City of New York, 12 Civ. 4890 (LGS), 2013 WL 6095458, at *5 (S.D.N.Y. Nov. 20, 2013) (Barrow does not survive Krupski).

In Krupski, the plaintiff intended to sue the owner and operator of a cruise ship on which she was injured. She knew the name of two corporate entities but sued only one—the wrong one.

---

[3] The Court of Appeals, without explicitly discussing the effect of Krupski, has cited Barrow on the relation back doctrine in other cases decided after Krupski, further demonstrating Barrow's continued viability. See Hogan, 738 F.3d at 518; Southerland v. City of New York, 680 F.3d 127, 138 n.12 (2d Cir. 2011).

She sought to amend her complaint after the statute of limitations had passed to add the proper entity. The Eleventh Circuit ruled that the proposed amendment did not relate back because the plaintiff was made aware of the existence of the correct entity before the expiration of the statute of limitations and thus could not be deemed to have made a mistake as to the proper defendant's identity. 560 U.S. at 546. The Supreme Court reversed, concluding that the plaintiff's error was no less a "mistake concerning the proper party's identity" within the meaning of Rule 15(c) when the plaintiff knows of a party's existence; it is still a "misunderstanding about [that party's] status or role in the events." Id. at 549. Having found the plaintiff's mistake to qualify under Rule 15(c), the Supreme Court held that the proper focus under the federal relation back doctrine "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Id. at 541.

Plaintiffs argue that, after Krupski, an amended pleading that adds a previously unidentified defendant relates back to the date of the original complaint so long as the new defendant had notice within the Rule 4(m) time limit of service. See Smith, 2013 WL 6095458, at * 5. Krupski, however, involved a case where there was a "mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The plaintiff plainly knew of the two entities and chose to sue the wrong one. But in cases involving John Does, the plaintiff has not sued the wrong party; the plaintiff has simply failed to sue an additional party who might also be liable. Thus, in these cases, there is no "mistake concerning the proper party's identity." In this context, Barrow is unaffected by Krupski. "Krupski merely picks up where Barrow left off. Barrow asked whether a mistake has been committed; Krupski assumes the presence of a mistake and asks whether it is covered by Rule 15(c)(1)(C)(ii). Therefore, Barrow's holding that a lack of knowledge is not a mistake is still intact." Dominguez v. City of New York, 10 Civ. 2620

(BMC), 2010 WL 3419677, at *3 (E.D.N.Y. Aug. 27, 2010). Until the Court of Appeals holds otherwise, this Court will continue to apply Barrow.

In any event, even if the Court were to accept that Krupski changed the law in this Circuit regarding the naming of previously unidentified John Doe defendants, there is no evidence that these defendants received notice of the complaint within the Rule 4(m) service period, another requirement of Rule 15(c)(1)(C). The complaint was filed on October 9, 2012, and removed to federal court on November 26, 2012. Giving the plaintiffs every benefit, 120 days from November 26, 2012 is March 26, 2013. The complaint asserts very few factual allegations that would provide notice to the John Does that they were intended parties of the lawsuit.[4] The complaint repeatedly refers to only two individuals: Sergeant Murray and Officer LaGrippo. No details are provided as to the specific conduct of John Doe 1 or John Doe 2. In addition, the City identified the John Does in its initial disclosures on June 26, 2013, well beyond the 120 day period for service. As such, there is no evidence that the John Does knew or should have known, within the relevant time period, that but for a mistake of identity, they would have been named.

### B. The State Relation Back Doctrine

Rule 15(c)(1)(A) also permits relation back when "the law that provides the applicable statute of limitations allows relation back." See Hogan, 738 F.3d at 518. The language in Rule 15(c)(1)(A) was added to Rule 15 to make it clear that "where state law governs the statute of

---

[4] Plaintiffs allege that sufficient details were included in the Notice of Claim, filed in September 2010 for each complainant, to place the City officers on notice. While the Notices do provide a few more details about the events, they do not provide any more clarity as to the involvement of John Doe 1 and John Doe 2. The Notices merely indicate that the alleged conduct was committed by "New York City Police Officers and New York State Court Officers, including but not limited to NYPD Sgt. Peter Murray and Court Officer Joseph Lagrippo." Notice of Claim for Quantisha Lucas. These facts, however, are not found in the complaint. A complaint originally filed in state court is subject to the same pleading requirements as one originally filed in federal court. See DiFolco v. MSNBC Cable, L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (applying the federal pleading standard to a complaint removed from state court on diversity grounds). Even if the Court were to consider these additional facts found in the Notices, there are no specific allegations of conduct by John Doe 1 or John Doe 2.

limitations, relation back may apply if it would be permissible under state law." Da Cruz v. Towmasters of N.J., 217 F.R.D. 126, 130 (E.D.N.Y. 2003). The Advisory Committee's Note to the 1991 Amendment instructs courts to apply the "law afford[ing] a more forgiving principle of relation back . . . to save the claim." Fed. R. Civ. P. 15(c)(1) Advisory Committee's Note; see also Huitzil v. Delta Int'l Mach. Corp., 09 Civ. 0451 (JGK) 2011 WL 3251508, at *3 (S.D.N.Y. July 26, 2011). N.Y. CPLR 1024 is the relevant New York law that could allow an amendment to relate back to an earlier pleading.

> N.Y. CPLR 1024 provides:
>
> A party who is ignorant, in whole or in part, of the name or identity of the person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

Under this provision, the filing of a John Doe complaint can toll the applicable statute of limitation provided the plaintiff: (1) exercises due diligence to identify the defendant before the running of the statute of limitations; and (2) describes the John Doe defendant in such manner as to fairly apprise the party that he is the intended defendant. Hogan, 738 F.3d at 519 (citing state law cases). It is clear that the plaintiffs cannot satisfy the requirements of CPLR 1024. See also Williams v. United States, 07 Civ. 3018 (RJS)(THK), 2010 WL 963474, at *13-14 (S.D.N.Y. Feb. 25, 2010) (finding claims against John Doe defendants time-barred, where plaintiff exercised no diligence to identify the defendants' names until more than six months after filing the complaint).

Here, plaintiffs have made no showing that they exercised due diligence; and in fact the record belies such diligence. Counsel received the names of the alleged John Does on June 26, 2013, and has yet to amend the complaint. Although the Court might be more sympathetic to

11

plaintiffs' relation back arguments if the amended complaint were filed in the days or weeks after they received the information—i.e., shortly after the statute of limitations had run—counsel has waited nearly seven months to make a relation back argument and does so without having filed a proposed amended complaint. Such conduct does not demonstrate due diligence. Indeed, one need look no further for evidence of a lack of diligence than the fact that plaintiffs make this argument only in opposition to the City Defendants' motion for judgment on the pleadings. Finally, as discussed above, no fair reading of the complaint (or plaintiffs' Notices of Claim, if the Court were to consider that relevant) would put the John Doe defendants on notice that they are the intended defendants.

Therefore, I recommend that the City's motion for judgment on the pleadings be granted as to the John Doe defendants in light of Barrow and given plaintiffs' lack of due diligence in seeking to amend the complaint and properly identify the John Doe defendants.

### III. Municipal Liability

#### A. Whether the City of New York Can Be Liable Without an Individually Named Defendant

Given that the motion for judgment on the pleadings should be granted as to the John Doe defendants, there remains no individually named defendant for the City of New York. This fact, however, does not preclude liability for the City itself. There is no requirement that a plaintiff sue or obtain a judgment against an individual municipal actor in order to establish municipal liability. Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013). "It suffices to plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality." Id. (holding that a claim of municipal liability should not have been dismissed simply because the individual municipal defendant was entitled to qualified immunity and any claims against the John Doe municipal actors were time-

barred). "In fact, the plaintiff need not sue the individual tortfeasors at all, but may proceed solely against the municipality." Id. (citing case). Therefore, the absence of any individual municipal defendants does not itself preclude a claim against the City.

### B. Whether the Plaintiffs Have Adequately Pled Municipal Liability Under Monell

In Monell v. Department of Social Services of New York, the Supreme Court held that municipalities may be sued under § 1983 "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." Monell, 436 U.S. 658, 690 (1978). Thus, to state a § 1983 claim against a municipality, a plaintiff must allege that an action pursuant to some official policy caused the constitutional deprivation. Rojas v. Alexander's Dept. Store, Inc., 924 F.2d 406, 408-09 (2d Cir. 1990) (citations omitted).

Plaintiffs plead that several practices of the City of New York led to the violations of their constitutional rights: (1) failing to train and supervise its officers regarding arrests and searches and seizures; (2) failing to implement a policy instructing police officers to use only reasonable force in an arrest and to arrest an individual only where there is probable cause; (3) hiring officers when the City knew or should have known that they had a "bad disposition" given the officers' prior history; and (4) relying on a quota system and racial profiling for stops and arrests.

Even assuming the plaintiffs have sufficiently pled the existence of official policies or practices by the City of New York that could result in constitutional deprivation, they have failed to plead a fundamental element required for Monell liability: that the plaintiffs suffered a constitutional violation at the hands of a municipal actor. "Unless a plaintiff shows that he has been the victim of a federal law tort committed by persons for whose conduct the municipality

13

can be responsible, there is no basis for holding the municipality liable." <u>Askins</u>, 727 F.3d at 253. "Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, *a municipal actor has tortiously injured the plaintiff*." <u>Id.</u> (emphasis supplied).

The complaint alleges constitutional violations by only two individuals: Sergeant Murray and Court Officer LaGrippo. Neither of these individuals is employed by the City. Therefore, whether the City has practices or policies in place that would perpetuate or encourage unconstitutional conduct is irrelevant because there are no specific allegations of such conduct by a City employee. While it appears that some City officers were involved in the events at issue here—given that the City has identified certain City employees who were involved in plaintiffs' arrests—the complaint is utterly silent as to their role in the unconstitutional conduct. Generalized claims of unconstitutional policies by the City are not sufficient for <u>Monell</u> liability. "<u>Monell</u> does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's . . . policies or customs . . . led to an independent constitutional violation." <u>Segal v. City of New York</u>, 459 F.3d 207, 219 (2d Cir. 2006). Because plaintiffs have failed to plead any constitutional violation by a municipal actor, the <u>Monell</u> claims against the City of New York cannot stand.

Accordingly, I recommend that the motion for judgment on the pleadings for all claims against the City of New York be granted but with leave to amend the complaint to identify any specific conduct by a municipal actor that allegedly caused plaintiffs' constitutional violations.

**IV.    The New York Police Department**

The plaintiffs sued the City of New York and the NYPD separately. The NYPD, as an agency of the City of New York, is not an entity that can be sued. N.Y. City Charter ch. 17 § 396

("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."). See also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999). The plaintiffs' arguments that the NYPD can be sued— because it is the "direct employer" of the John Doe police officers or because it is represented by the same counsel as the City—are unavailing. Accordingly, the NYPD should be dismissed from this action.

## V.     Status of Discovery

The parties are to file a joint letter within seven days of this report with a proposed schedule to complete discovery consistent with the Court's conclusions. Given the delay in the prosecution of this case, the Court expects such schedule to be streamlined. No discovery on plaintiffs' claims against the City shall be conducted until after a ruling from Judge Kaplan on this report and plaintiffs' filing of an amended complaint to which the City has responded. The Court does not stay further discovery pending a final decision from Judge Kaplan on the City Defendants' motion. Thus, any request for a stay of discovery must be made to Judge Kaplan.

## CONCLUSION

For the foregoing reasons, I recommend that the City Defendants' motion for judgment on the pleadings as to the John Doe police officers and the NYPD be GRANTED, and leave to amend should be denied as futile. I further recommend that the City Defendants' motion should also be GRANTED as to the claims against the City of New York, but with leave to amend the complaint.

*     *     *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Kaplan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

_____
SARAH NETBURN
United States Magistrate Judge

DATED: New York, New York
February 28, 2014